# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 21-CV-504-KD-MU |
| | ) |
| DANIEL F. HOLLAND, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On July 21, 2023, Defendant Daniel F. Holland ("Holland") filed a Motion to Dismiss the second amended complaint of Plaintiff Owners Insurance Company ("Owners"). (Doc. 32). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72.  The motion requests dismissal pursuant to Rules 12(b)(6), 12(b)(7), and/or 19 of the Federal Rules of Civil Procedure for failure to include an indispensable party as a defendant in this action. (Doc 32). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and that this action be **DISMISSED without prejudice.**

## I. Background

On March 10, 2022, Owners filed a second amended complaint seeking a declaratory judgement regarding an Owners' insurance policy for which Defendant is an insured. (Doc. 7). Specifically, Owners seeks a declaratory judgment regarding the amount of insurance coverage that may be available under the policy as it relates to claims, including a tort claim for negligence, asserted by The Hartford Fire Insurance Co. ("Hartford") against Holland in *The Hartford Fire Insurance Co. v. Daniel Holland,*

*individually, and d/b/a Daniel Holland Construction*, 30-CV-2022-900018, which was filed on February 28, 2022, in the Circuit Court of Escambia County, Alabama. (*See* Doc 7, Exhibit C).[1] Defendant's motion to dismiss asserts that Hartford, as a tort claimant against Holland in the state court action, is an indispensable party to this declaratory judgment action brought by Owners, because Hartford has an interest that would be affected by a declaration in this case. (*See* Doc. 32, PageID. 355).

## II. Legal Analysis

The Court finds that Hartford is an indispensable party due to its role as the plaintiff in the underlying state court action. Rule 19(a)(1) of the Federal Rules of Civil Procedure provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must be joined as a party if:*
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(emphasis added).

Despite Owners' arguments to the contrary, both the federal law of this circuit and Alabama case law are clear that a tort claimant is an indispensable party to a declaratory judgment action. Otherwise, the coverage decision would have no binding effect on the

---

[1] Holland's motion to dismiss in the state court action was denied on June 27, 2023. (See Doc 34, PageID. 389).

2

tort claimant, who may then turn around and file a direct action against the insurer as a judgment creditor. *See Harleysville Preferred Ins. Co. v. Int'l Paper Co.*, No. 1:20-CV-340-TFM-B, 2021 WL 1206409, at *7 (S.D. Ala. Mar. 30, 2021); *see also Auto-Owners Ins. Co. v. Cymbal Props., LLC*, No. 1:21-CV-00111-KD-B, 2021 WL 4314458, at *2 (S.D. Ala. Sept. 22, 2021). This Court in *Harleysville* noted the case law supporting this finding:

> *See McDaniel v. Harleysville Mut. Ins. Co.*, 84 So. 3d 106, 112-13 (Ala. Civ. App. 2011) (recognizing that a declaratory judgment issued by federal court was not binding on the state court tort claimants because they were not parties to the federal declaratory judgment action); *see also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317 (11th Cir. 2005) (appeal of a declaratory judgment including insurers, insured, and victims); *Am. Safety Cas. Ins. Co. v. Condor Assocs.*, 129 F. App'x 540, 542 (11th Cir. 2005) (affirming dismissal of a declaratory judgment action based on failure to join indispensable party because the tort claimants were indispensable parties; *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1293-94 (N.D. Ala. 2007)) ("[A]n alleged tort victim [has] an interest, actual or theoretical, in whatever finding will ultimately be made on the coverage question, whether against [the plaintiffs] or in their favor. [He is] therefore an indispensable party in the state court action pursuant to § 6-6-227 [of Alabama's Declaratory Judgment Act]."); *c.f. Barton v. Nationwide Mut. Fire Inc. Co.*, Civ. Act. No. 2:17-cv-618-SLB, 2021 U.S. Dist. LEXIS 40786 *17-19, 2021 WL 824985, *6-7 (N.D. Ala. Mar. 4, 2021) (noting that Ala. Code. § 27-23-2 allows a plaintiff to "reach and apply insurance proceeds to satisfy their judgment against an insured by bringing a direct action claim against their insurer" once they have obtained a judgment against the insured.)

*Harleysville*, 2021 WL 1206409, at *7.

Further, in *GeoVera Specialty Ins. Co. v. Small*, No. 1:10-CV-00641-KD, 2011 WL 2681289 (S.D. Ala. July 11, 2011), this Court likewise found that a plaintiff in an underlying state court action was properly joined in the declaratory judgment action, relying on a similar line of case law:

> *See Am. Safety Cas. Ins. Co. v. Condor Assocs.,* 129 F. App'x 540, 542 (11th Cir. 2005) ("In *Ranger [Insurance Co. v. United Housing of New Mexico,* 488 F.2d 682 (5th Cir. 1974) ], we affirmed the district court's conclusion that the absent tort claimants were indispensable parties to the

3

> insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.' *Id.* at 683 ... The district court in this case acted well within its discretion in applying the reasoning and analysis from *Ranger* to reach the conclusion that the Volpes[, injured parties suing the insured,] would be prejudiced if [insurer] ASCIC's suit were to proceed without them. Indeed, it probably would have been error not to follow *Ranger.*"); *Dairyland Ins. Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir. Unit B Sept.1981) ("In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer was contingent upon recovery of a judgment against the insured." (citations omitted)); *Earnest v. State Farm Fire & Cas. Co.,* 475 F.Supp.2d 1113, 1116–17 (N.D. Ala. 2007) (applying *Condor, Ranger,* and other similar former-Fifth Circuit opinions in holding that, in a declaratory judgment action between an insurer and an insured, "the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint[.]"); *White–Spunner Constr., Inc. v. Zurich Am. Ins. Co.,* Civil Action 10–0158–WS–C, 2010 WL 3489956, at *3–6, 2010 U.S. Dist. LEXIS 90339, at *9–21 (S.D. Ala. Aug.30, 2010) (Steele, C.J.) (slip opinion) (applying *Condor* and *Ranger* in finding underlying tort plaintiff was indispensable party to declaratory judgment action).

*GeoVera*, 2011 WL 2681289, at *2, *6 n.1.

Thus, despite the objections of Owners, Hartford does ultimately have an interest in this declaratory judgment action where it will be determined whether Owners owes a duty of coverage to Holland. Also contrary to Owners' arguments, the case law of this circuit recognizes that a state court tort claimant is an indispensable party even though its claims against the insurer are contingent upon obtaining a judgment against the insured. *See GeoVera*, 2011 WL 2681289, at *6 n.1 (citing *Dairyland Ins. Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir. Unit B Sept.1981)). This circuit's case law also recognizes that Ala. Code. § 27-23-2 allows plaintiffs to "reach and apply insurance proceeds to satisfy their judgment against an insured by bringing a direct action claim against their insurer" only after they have obtained a judgment against the insured. *See Harleysville*,

2021 WL 1206409 at *7 (citing *Barton v. Nationwide Mut. Fire Inc. Co.*, 2:17-CV-618-SLB, 2021 WL 824985, *6-7 (N.D. Ala. Mar. 4, 2021)). Accordingly, the fact that The Hartford has not obtained a judgment against Holland in the pending state court action does not preclude The Hartford from being an indispensable party in this action. Finally, as the potential for inconsistent judgments is disfavored, the preferred practice in Alabama (including Alabama based federal courts) is for the insurance company to include the person or entity claiming coverage under the policy as well as the underlying tort claimant as parties to the declaratory judgment action. *See Harleysville*, 2021 WL 1206409, at *8. Accordingly, Defendant's motion to dismiss is due to be granted.

## CONCLUSION

For the reasons stated above, the Court finds that Owners Insurance Company's second amended complaint fails to include an indispensable party, The Hartford Fire Insurance Co., as required by Rule 19(a)(1). Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by Daniel F. Holland be **GRANTED** and that this action be **DISMISSED without prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C.

§ 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of October, 2023.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE
